**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-09404 BKT** |
| **CESAR IVAN VARGAS QUINONES** | **Chapter 11** |
| | **Adversary No. 16-00108** |
| **Debtor(s)** | |
| **CESAR IVAN VARGAS QUINONES** | |
| **Plaintiff** | |
| **vs.** | |
| **UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF TREASURY OF PUERTO RICO; STATE INSURANCE FUND CORPORATION** | |
| **Defendant(s)** | **FILED & ENTERED ON 02/13/2018** |

## OPINION & ORDER

**BACKGROUND:**

The United States Internal Revenue Service (hereinafter "IRS") has requested this court to reconsider its Opinion & Order entered on December 29, 2017 [Dkt. No. 82] (hereinafter "Opinion"), under Rule 9023 of the Federal Rules of Bankruptcy Procedure. In their *Motion for*

1

*Relief from Order* [Dkt. No. 86], (hereinafter "Motion") filed January 12, 2018, the IRS asked this court to reconsider its ruling regarding two issues of law: (1) the manner in which the IRS must record a lien on personal property, and (2) whether Section 506 of the Bankruptcy Code allows pre-confirmation lien stripping in the context of a chapter 11 case.

As to the first issue of law, the IRS argues that their lien should be attached to personal property, as well as real property, as such liens where filed properly with the District Court of Puerto Rico. The IRS clarifies there is no state law designating a registry for tax liens to be filed, thus, as per 26 U.S.C. § 6323(f)(1), filing the tax lien with the clerk of the District Court should suffice for the tax lien to attach not only to real property, but also to personal property. See also In re: Carlos Escribano & Co., Inc., 433 B.R. 59, 61 (Bankr. D.P.R. 2010) and In re Perez, No. 15-04215 BKT, 2016 WL 1554969 (Bankr. D.P.R. Apr. 14, 2016).

As to the second issue of law submitted for this court's reconsideration, the IRS acknowledges the court's authority to lien-strip, but questions its ability to do so before the confirmation of the chapter 11 plan. In short, the IRS argues that allowing pre-confirmation lien stripping creates the potential to deny a secured party "the value of its claim." Southwest Boston Hotel Venture, LLC, 748 F.3d 393, 407 (1st Cir. 2014)

To the IRS's Motion, Debtor/Plaintiff presented on January 26, 2018, his *Opposition to Motion for Relief from Order* [Dkt. No. 87] ( hereinafter "Opposition"], where Debtor argues against the IRS's liens filed at the Property Registry attaching to personal property. More specifically,

Debtor argues that this court's previous rulings in <u>Escribano</u> and <u>In rePerez</u> were based on section 2004 of the local UCC which specifically excluded "a security interest subject to any statute of the United States" from registry in the Puerto Rico Uniform Commercial Code ("PR-UCC"). <u>See</u> 19 L.P.R.A. § 2004; <u>Escribano</u>, 433 B.R. at 61. In 2012, this exclusion was removed from the PR-UCC. Act No. 21-2012; [Dkt. No. 87, pg. 6]. Hence, Debtor assumes that absent that prohibition, Puerto Rico state law now allows for the registry of federal tax liens at the PR-UCC registry at the Department of State for 26 U.S.C. § 6323(f)(1) purposes.

Second, Debtor argues that:

> [t]ax liens are statutory in nature and automatic once the taxpayer fails to pay its taxes. Such tax lien needs to be public in order for such to be opposed onto third parties, such as the Debtor in Possession. Regardless of where the tax [sic] line should be recorded, in this case, pursuant to Claim No.4, the IRS only filed a notice of tax lien for an amount $4,258.28. [<u>See</u> Claim No. 4, pg. 9]. [Dkt. No.  87, pgs. 7&8].

The IRS submitted its *United States' Reply on Motion for Relief from Order* [Dkt. No. 88] (hereinafter, the "Reply") on February 2, 2018. The IRS argues against the validity of the registry created under the PR-UCC, and again points to <u>Escribano</u> and <u>In re Perez</u> for support of its argument in favor of declaring valid the lien filed with the District Court upon both, real and personal property. The IRS also states that similar to <u>In re Southwest Boston Hotel Venture</u>, Debtor raised no opposition to their argument against lien stripping prior to confirmation of plan.

**GROUNDS FOR RECONSIDERATION:**

Rule 9023 of the Federal Rules of Bankruptcy Procedure provides: "Except as provided in

3

this rule and Rule 3008, Rule 59 Fed .R .Civ .P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

In order to be considered, "the motion must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." In re Pabon Rodriguez, 233 B.R. 212, 219 (Bankr. D.P.R. 1999) (citing Dale & Selby Superette & Deli v. U.S. Department of Agriculture, 838 F.Supp. 1346, 1347 (D.Minn.1993)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). Moreover, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012).

### Lien over personal property

The IRS filed its amended Claim 4-2 on October 7, 2015. The IRS claimed an amount equal to $155,184.81, consisting of taxes, interest and penalties, of which the IRS claimed $109,017.55 as secured. Attached to the IRS' amended Claim 4-2 is a copy of the liens filed at the Property Registry and in the U.S. District Court for the district of Puerto Rico (hereinafter "District Court"). The IRS provided evidence of having filed the following liens at the Property Registry: $31,961.45 on April 27, 2007; $4,258.28 on April 8, 2009; $2,448.36 on July 22, 2010; and $46,046.36 on May 1, 2012.

The IRS provided evidence of having filed the following lien at the District Court: $4,258.28 on April 8, 2009.

In *Plaintiff's Motion for Summary Judgment* [Dkt. No. 55], Debtor only requested the stripping of the liens presented at the Property Registry; the $4,258.28 blanket lien was not contested. This court based its Opinion, in part, on the evidence provided in amended Claim 4-2, where the IRS only presented evidence of having filed with the District Court a lien for the amount of $4,258.28. All other liens where only filed at the Property Registry, as per amended Claim 4-2.

That said, this court affirms the finding in its Opinion which states that the liens "were either filed at the Property Registry or at the United States District Court for the District of Puerto Rico." See Dkt. No. 82, p. 16. Thus, in accordance with this court's previous opinions, Escribano and In re Pérez, the lien filed with the District Court for the amount of $4,258.28, which was not in dispute and hence not expressly discussed in the Opinion, attaches to both, real and personal property, as it complies with 26 U.S.C. § 6323(f). However, the other liens were only filed at the Property Registry. Therefore, the liens which are in controversy and subject to the court's ruling in this adversary proceeding only attach to real property, as they do not meet the criteria established in 26 U.S.C. § 6323(f) for acquiring unitary or blanket lien status.

### Stripping off liens prior to plan confirmation

The IRS argues in its Motion that, under certain circumstances, there might be a potential windfall for Debtor and that in order to avoid such event from occurring, the liens subject to the

5

present adversary proceeding cannot be stripped prior to confirmation of the plan. While this court has no objection to that claim, as per supported by In re Southwest Boston Hotel Venture, LLC , the facts of the captioned adversary proceeding are distinguishable from the ones of In re Southwest Boston Hotel Venture, LLC.

First, the IRS did not refute nor question the property valuations prior to filing its Motion. In fact, the IRS agreed to the property valuations. As a result, the IRS is cannot argue a potential windfall to Debtor at this point in the proceeding. The IRS is precluded from rehashing arguments previously rejected or to raise new ones that could, and should, have been made before an opinion is issued. See Soto-Padro, 675 F.3d at 9.

Second, there is no bright line when it comes to the time of valuation of property. The choice depends on the purpose of the valuation, *e.g*, the treatment of a claim in a chapter 11 plan, whether a creditor is entitled to port-petition interest under 11 U.S.C. § 506(b) or whether a secured claim may be modified in a chapter 11 plan. See In re Cahill, 503 B.R. 535, 540 (Bankr. D.N.H. 2013). Valuation can take place at the plan confirmation date, plan effective date, date of valuation hearing, petition date or through a "flexible approach," which allows the court some discretion as to when the valuation should take place in order to determine the secured status of a creditor. See id.

Third, this court reiterates its Opinion in pertinent part where it states:

that the operative section allowing Debtor to request liens to be stripped from the estate's property is Section 506 of the Code, for which the IRS' sovereign immunity is abrogated. See 11 U.S.C. § 106. This court acknowledges that it is Debtor's option

to "cram down" its creditors through the plan, as argued by the IRS. See 11 USC § 1123(b)(5). However, this court does not find any statutory authority or case law making this latter option mandatory. Thus, there is no impediment to request liens to be stripped through Section 506 via the present adversary proceeding.

Dkt. No. 82, p. 13.

For the above-stated reasons, this court reaffirms its Opinion and deems the stripping of liens via the present adversary proceeding correct and proper.

**CONCLUSION:**

The IRS's motion for reconsideration fails to provide convincing reasons why this court should revisit its Opinion. Similarly, the IRS offers no compelling facts or legal grounds in support of repealing the court's prior decision. The IRS fails to present newly discovered evidence or any intervening change in law. Rather, in disagreeing with this court's Opinion, the IRS attempts to either confuse the court as to the liens over which the Opinion ruled upon, or to raise new arguments regarding their view on pre-confirmation lien stripping. For these reasons, the IRS's arguments do not warrant reconsideration by this court.

WHEREFORE, IT IS ORDERED that the IRS's *Motion for Relief from Order* [Dkt. No. 86] be, and hereby is, DENIED.

SO ORDERED

San Juan, Puerto Rico, this 13th day of February, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

7